## BOCK v CINCINNATI (city)
## TAPP v CINCINNATI (city)

Ohio Appeals, 1st Dist, Hamitlon Co
Decided July 6, 1931

Fricke & Spiegel, Cincinnati, for Bock
and Tapp.

John D. Ellis, City Solicitor and Francis
T. Bartlett, Assistant City Solicitor, for
City of Cincinnati.

**ROSS, PJ.**

The officers had no search warrant, nor is there any evidence that either one of the officers had the slightest reason or cause, probable or otherwise, or any reasonable ground to believe that Bock was in any way violating the law, before they entered his place of business.

In the Tapp case the defendant was observed by one of the officers, by George W. Galbraith, who made the arrest in the Bock case, standing in the lobby of an office building in the basement of which is the terminal for the Kentucky street cars. The officer testified that he saw three men approach Tapp, say something to him, reach in their pockets and hand him something. He went to a candy counter and a woman handed him something there. The officer stated that he had known Tapp a good many years and knew "what business he was in," although he did not state what was this business. Tapp was then arrested by the officer, searched and race horse slips were found in his possession. Strenuous objection was made by defendant's counsel to the introduction of these slips in evidence and an exception taken when they were permitted in evidence. The officer testified as follows:

"Q. When you searched the defendant you did not know what you would find upon his person, did you?

A. I did not know what I would find, no sir.

Q. You did not. And he at the time you saw him there—There was no noise or disorder of any kind, was there?

A. There wasn't.

Q. And you had no evidence of any crime that you had seen taking place there at the time?

A. No proof of anything, no sir.

Q. That is all."

No evidence was offered for the defense.

In neither case was there any evidence that the officer making the arrest had probable cause or reasonable ground to believe that the defendants were violating the city ordinances. On the contrary, the testimony of the officer negatives this.

The fact that in the Tapp case slips were actually found in his possession is conclusive that he was violating the city ordinances, and we are asked to reverse his conviction, because it is claimed that he was arrested unlawfully.

In the Bock case it is claimed the search was without warrant, or even reasonable ground to believe a crime was being committed, was unlawful, and that hence his subsequent arrest and conviction were contrary to law, and the slips improperly admitted, especially as the evidence identifying the slips as possesed by Bock was scanty and criticized by the trial court.

It may be urged that one who is innocent of any crime and is arrested, has ample redress for such wrong by receiving compensation for such wrongful arrest in a suit for damages. It may also be urged that the police will be handicapped by not being permitted to apprehend suspicious characters if they are not permitted to arrest or search without warrant, although there are no circumstances justifying a belief that the person is guilty of a crime.

It is, however, not unreasonable to require officers to have at least probable cause and reasonable grounds to suspect that the

person apprehended and searched is violating the law before the arrest or search is made.

It is not the individual who after arrest without probable cause turns out to be a law violator that particularly appeals to a sense of what is just and right, but the innocent person who may be put to the indignity of apprehension, arrest, and search without any adequate remedy or redress. If nothing is found, he is allowed to proceed on his way, but the harm is done.

An unrestricted right to arrest and search at the whim of any officer could but create a situation wholly intolerable to the citizens and in direct conflict with the provisions and guarantees secured to the citizens in **Section 14, Article I** of the Ohio Constitution, which provides as follows:

"The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized."

While upon the face of the matter it seems absurd that the known guilty should escape by reason of the illegality incident to the obtaining of the evidence warranting their convictions, it is manifestly necessary that the rights of innocent law abiding citizens shall be safeguarded from unwarranted interference, and that such rights shall be upheld and protected even though it is to the profit of the offender.

In the case of United States v Rembert, 284 Fed. Rep., 996, the court has so well stated the law applicable to the cases involved here that a great portion of the language of the court could be quoted as our opinion with entire propriety if it were not that this would unduly extend this opinion.

We feel, however, that some of the statements in the syllabus and opinion are so apt that they should be set out. Among them are:

"No general exploratory search and seizure of either persons, houses, or effects can ever be justified, either with or without a warrant."

"To justify an arrest without warrant, it is not essential that the officer absolutely know that an offense is being committed, but he must believe it is being committed, and must believe on the evidence of his own senses in case of a misdemeanor, and in case of a felony on credible evidence of other persons."

"United States v Slusser (D. C.), 270 Fed., 819, puts the matter very well thus:

" 'An unlawful search cannot be justified by what is found. A search that is unlawful when it begins is not made unlawful when it ends by the discovery and seizure of liquor. It was against such prying, on the chance of discovery, that the constitutional amendment was intended to protect the people.' "

"And it results that in each case where an arrest has been made, or a search or seizure effected, it is the duty of the court to determine whether, if it was made under any particular law, the law was itself constitutional, or, if not made under the authority of a statute, whether in the particular case the method employed by the officers was reasonable or unreasonable."

"Now it appears from these decisions that it is not essential that, in making an arrest without warrant, the officer must absolutely know that an offense is being committed; he must believe it is being committed, and must believe upon the evidence of his own senses in the case of a misdemeanor, and in the case of a felony upon credible evidence of other persons."

"If an officer has a real belief, on reasonable grounds for the belief, it is not necessary that it actually turn out that the offense was actually committed to protect the officer in respect to his action. As the matter is well put in 2 Ruling Case Law, p. 451:

" 'Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. People v Kilvington, 104 Cal., 86. Yet probable cause does not depend on the actual state of the case in point of fact, as it may turn out upon legal investigation to be, but on knowledge of facts and circumstances which will be sufficient to induce a reasonable belief in the truth of the accusation'."

"If the court can find in any case that the officer had a bona fide belief that by his senses he had detected or discovered a violation of the law, and if in the opinion of the court the evidence of the senses on which the officer acted was sufficient grounds for the officer reaching that belief, then the arrest must be held justified, and the evidence obtained on it legal. If, on the contrary, it is the court's opinion either that the officer had no real belief that a violation of the law had been discovered, or if it is the opinion of the court that this belief was based not upon probable cause, the arrest is not legal, the search is not effective, and the evidence obtained thereby may not be availed of."

"Officers should be very loath to interfere with the rights of citizens, and should not arrest on mere suspicion, and wherever an arrest and consequent search of a person or vehicle is made without warrant, the government must be prepared to show, if it expects the evidence to be admissible, that the arrest and search was not a mere exploratory enterprise for the purpose of discovery, but was based upon a sincere belief, with reasonable grounds therefor, that an offense had been committed by the person or vehicle arrested."

This case, while a decision of a United States District Court, has been cited with approval by the United States Supreme Court in Agnello et al v United States, 269 U. S., 20, and in Byars v United States, 273 U. S., 28. See also: Cornelius, "Search and Seizure," 2d Ed., p. 187.

It is our conclusion that in neither case does the evidence show that the officer had probable cause or reasonable grounds to believe that the defendants were committing a violation of law; on the contrary, their testimony specifically negatives such fact.

It is urged that in neither case was a motion made to suppress the evidence. The record, however, shows that in the Bock case, exception was noted after its introduction, and in the Tapp case strenuous objection was made to its introduction.

There is most respectable authority for holding that a motion to suppress should precede the trials. However, other courts have decided that an objection made at the time the objectionable and illegally obtained evidence is sought to be introduced is seasonably made. Agnello v United States, supra, wherein it is stated: "A rule of procedure must not be allowed for any technical reason to prevail over a constitutional right." Quoting from Gouled v United States, 255 U. S., 298.

See also: Amos v United States, 255 U. S., 313, and Gouled v United States, 255 U. S., 298, where it is said at pp. 312 and 313 of the opinion:

"It is plain that the trial court acted upon the rule, widely adopted, that courts in criminal trials will not pause to determine how the possession of evidence tendered has been obtained. While this is a rule of great practical importance, yet, after all, it is only a rule of procedure, and therefore it is not to be applied as a hard and fast formula to every case, regardless of its special circumstances. We think rather that it is a rule to be used to secure the ends of justice under the circumstances presented by each case, and where, in the progress of a trial it becomes probable that there has been an unconstitutional seizure of papers, it is the duty of the trial court to entertain an objection to their admission or a motion for their exclusion and to consider and decide the question as then presented, even where a motion to return the papers may have been denied before trial. A rule of practice must not be allowed for any technical reason to prevail over a constitutional right."

We think, however, in the interests of an orderly administration of justice that a motion to suppress should be made before trial upon the merits and that the matter should not be raised as a collateral issue at the trial. It is a matter of common knowledge, however, that the daily dockets of police courts are heavy and that matters are presented therein rapidly and without the deliberation incident to trials in the upper court. For this reason the consideration of such a collateral matter with the case upon its merits, while not approved, may be excused.

"What facts and circumstances amount to probable cause is a question of law; whether they exist in any particular case is a question of fact. Where the facts are in controversy the question must be submitted to the jury, in which event it is the duty of the court to instruct them what facts will constitute probable cause and submit to them only the question of what facts have been established. These principles are well settled. If all the evidence is insufficient to establish probable cause, the court shall so instruct the jury for they are not at liberty to assume the existence of a fact without evidence, and if the admitted facts amount to probable cause, in damage cases, the court should direct a verdict for the defendant, even if his malice were clearly proved." Cornelius "Search and Seizure, 2d Ed., p. 153."

In the instant case the court was required to try the facts as well as pass upon the law.

We hold, therefore, that in both of the cases under consideration the trial court erred in the admission of the evidence, in the absence of proof that facts existed showing that the officers had reasonable grounds to believe that the defendants were violating the law before arrest and search.

The record presents evidence indicating a strong probability that both defendants are guilty of the offenses charged against them. This is not enough. The convictions cannot be sustained without giving sanction

to procedure violative of the rights of the citizens under the state constitution. The fact that the defendants in the instant causes may not be worthy of such protection in no way affects the fact that there has been according to the evidence a violation of a constitutional guaranty. If the constitutional provisions may be violated, as against those who turn out to be guilty, they may be violated against the innocent as well. There cannot be a law for one man and another law for another. Every man, at least until he is proved guilty by legal evidence, is entitled to the equal protection of the law.

The judgments of the Court of Common Pleas of Hamilton county, affirming the convictions in the Municipal Court of Cincinnati will be reversed, and the causes will be remanded to the Municipal Court for new trials.

HAMILTON and CUSHING, JJ, concur.