Common Pleas Court of Hamilton County.

## TERRELL TRIMBLE V. CITY OF CINCINNATI.

Decided December 20, 1932.

*Oliver W. Hardin,* for plaintiff in error.

*H. J. Wernke,* and *F. T. Bartlett,* for defendant in error.

DARBY, J.

There are three questions involved in this case:

1. Did the evidence show that the plaintiff in error was guilty of carrying concealed weapons as charged?

2. Did the plaintiff in error sustain the burden of proof as to justification for carrying the weapon?

3. Was the arrest lawful and the revolver seized admissible in evidence?

1.

That the defendant below was upon the streets of Cincinnati in midday, armed with a loaded revolver and a quantity of shells in his pocket is beyond dispute.

2.

The Municipal Court found that the defendant was not justified in carrying the weapon for his defense, or defense of any property.

The burden of proof was upon the defendant as to this defense. *Porello* v. *State,* 121 O. S., 280.

3.

The evidence on behalf of the state showed that the defendant below was walking upon the street with two other men, and that when he became aware of the presence

of police officers he suddenly and without any apparent reason, left his companions and hastened away; that he walked rapidly down the street, the officers thereupon followed him, he repeatedly turned and looked back at the officers as they were coming along, crossed to the other side of the street, the officers overtook him, searched him and found in his possession the revolver and cartridges referred to.

Under these circumstances were the officers justified in making the arrest?

*Porello* v. *State, supra,* is the last expression by the Supreme Court upon this subject. The rule therein laid down but emphasizes the rule as established in *Ballard* v. *State,* 43 O. S., 340.

"1. A police officer of a municipality is authorized, without a warrant to arrest a person found on the public streets of a corporation carrying concealed weapons in violation of Section 12819, General Code, although such police officer has no previous personal knowledge of the fact, if he acts *bona fide* and upon such information as induces an honest belief that the person arrested is in the act of violating the law."

In the Porello case the facts as recorded in the opinion and shown on page 282 are as follows:

"Porello was arrested on November 12, 1927 at approximately three a. m. near the corner of East 55th Street and Woodland avenue, Cleveland. When first seen by the officers he was coming out of a restaurant accompanied by the two other men. He was approaching an automobile parked on the east side of East 55th street near Woodland Ave. The officers searched Porello and found no weapon. The automobile was then searched and a 32 calibre loaded revolver was found in the pocket of the left front door next to the driver's seat. Porello was then placed under arrest upon a charge of carrying concealed weapons."

In that case there is not a suggestion that the officers had any information or belief that Porello was guilty of carrying any weapon, or committing any other crime. He was leaving a restaurant at three o'clock in the morning, with two men, without a suggestion in the report of any suspicious conduct on his part. He made a mo-

tion to suppress the evidence, which was overruled, and the court sustained the action of the Common Pleas Court in overruling the motion and receiving the revolver as evidence. Syllabus 2 is as follows:

"When a person is rightfully arrested upon a charge of carrying concealed weapons, contrary to law, the revolver which is taken into custody of the police is admissible in evidence upon the trial, and upon motion of the defendant to return such revolver or suppress it as evidence the trial court does not commit error in refusing such application."

The Municipal Court was justified in this case by the conduct of the defendant below, in saying that the officers had a *bona fide* belief and were justified in believing that the defendant had some reason for escaping from their presence and such being the belief engendered in their minds by the conduct of the defendant, he has no basis for objecting that his arrest was unlawful under the circumstances.

It must not be overlooked that he was violating the law. The only question is as to whether this is one of those cases in which he should be relieved from the effects of his violation of the law, by the fact that the officers arrested him without first having seen in his possession the revolver, though they had plenty of suspicion that he was engaged in some wrong which caused him to seek to escape from their presence.

He denied the conduct attributed to him by the officers, but it is highly significant that he failed to call as witnesses in his behalf the two other men who were with him immediately before he started to make his escape.

Whatever may have been the basis for the refusal of the Supreme Court to review the cases of *Tapp* and *Bock* v. *Cincinnati,* 35 O. L. R., 25, 43 Ohio App., 257, involving the right to arrest, where the officers had no information in advance of the violation of the law, this court specifically holds that in the case at bar the arrest was legal because of the justifiable suspicion of wrongdoing on the part of the defendant below, resulting from his own conduct.

Judgment affirmed.