HUTH, APPELLANT, *v.* WOODARD ET AL., APPELLEES.[*]

(No. 4759—Decided June 11, 1958.)

*Messrs. Burroughs, Gillen & Allan,* for appellant.
*Mr. James M. Hinton,* for appellees Raymond E. Woodard and the National Surety Corporation.
*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellees Parke A. Clifford and the National Surety Corporation.

[*]Motion to certify the record overruled, December 10, 1958.

Stevens, J. Plaintiff filed her petition against defendant Woodard, as sheriff, and Clifford, a special deputy sheriff, and their bondsmen, seeking, under a first cause of action, the recovery of $25,000 for malicious prosecution; and, under a second cause of action, $5,000 for assault and battery, allegedly committed upon plaintiff by the deputy, Clifford.

Answers were filed by both defendants, and the surety company of each, but no written motion, demurrer, or answer of defendants challenged the propriety of the joinder of the two causes of action, or of the several defendants.

Trial was had, and, at the conclusion of plaintiff's case, counsel for Clifford made a motion to require plaintiff to elect whether to pursue the sheriff (principal), or the deputy sheriff (agent). The trial court granted Clifford's motion, and required plaintiff to elect which defendant she would pursue.

Whereupon plaintiff elected to pursue the sheriff upon the cause of action for malicious prosecution, and the deputy upon the assault and battery cause of action.

The trial court refused to accept plaintiff's election as made, and, over the objection and exception of plaintiff, required plaintiff to elect the same defendant as to both causes of action.

Plaintiff then elected to pursue the sheriff as to both causes of action. The defendant Clifford having thereby been dismissed, the court thereupon sustained the motion of the sheriff, Woodard, for a directed verdict as to both causes of action.

Judgment was entered upon the verdict returned as directed, and this appeal on questions of law followed.

The evidence disclosed by this record shows that Clifford, the deputy, was contacted by radio from the sheriff's office in Akron, and advised of a fight in progress at the Anchor Restaurant in Summit County.

Plaintiff and her husband, Gilbert Huth, were in the restaurant in the company of some friends, when plaintiff's husband became involved in the disorder reported to the deputy sheriff.

In pursuance of the radio message received by him, Clifford went to the Anchor Restaurant, which plaintiff and her

husband had just left. Clifford was told by a waitress that one of the parties involved in the affray was just leaving the parking lot in a car which was pointed out to him. He thereupon followed the Huth car, driven by plaintiff, from the parking lot to the Huth residence in Portage County. There, an altercation between Mr. Huth and Clifford occurred, during which Mrs. Huth (the plaintiff below) was allegedly knocked to the floor and kicked by Clifford, as a result of which plaintiff allegedly sustained injuries, to her damage.

As a result of the occurrences during the trip from the Anchor Restaurant to the Huth home, and thereafter at the Huth home, Clifford filed affidavits against plaintiff in the Municipal Court of Portage County, at Ravenna, charging her in one with resisting arrest, and in the other with assault and battery.

He also filed an affidavit in the Municipal Court of Akron, charging plaintiff with failure to obey the order of a police officer. The resisting arrest charge was tried to a jury in the Municipal Court at Ravenna, and this plaintiff was found "not guilty." The assault and battery charge in Portage County was thereafter dismissed upon application of the police prosecutor. The charge of failure to obey a police officer was tried to a judge in the Akron Municipal Court, and this plaintiff was found "not guilty."

When all the charges made by Clifford had been disposed of favorably to this plaintiff, she instituted this action for damages in the Court of Common Pleas of Summit County.

The first question which arises is as to the legal right of the deputy sheriff, Clifford, to pursue and arrest plaintiff.

The evidence shows that Clifford did not see, or personally know of, any law violation perpetrated by Mrs. Huth or her husband, and that he had no warrant for the arrest of either. All that the evidence discloses is that he was told certain things by a waitress at the Anchor Restaurant, and, relying on that hearsay evidence, he pursued the Huths to their home in Portage County, and, without their permission, entered upon their property and engaged in an altercation with Huth, and allegedly assaulted this plaintiff.

There is no evidence that Mrs. Huth had anything to do

with the ruction which occurred at the Anchor Restaurant, and the greatest offense of which Mr. Huth could have been guilty, under this evidence, was defending himself against an unprovoked assault by an unknown individual who was committing a breach of the peace, a misdemeanor.

Section 2935.03, Revised Code, provides:

"A * * * deputy sheriff * * * shall arrest and detain a person *found* violating a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained." (Emphasis ours.)

There is no evidence that Clifford *found* Huth, or his wife, violating a law or ordinance, at the time in question. In fact, Clifford was not even present when the disturbance in the restaurant occurred.

It is stated in 5 Ohio Jurisprudence (2d), Arrest, Section 21:

"* * * An officer can arrest a person for the commission of a misdemeanor or violation of a city ordinance without a warrant only if he sees the person commit the misdemeanor or violate the ordinance." *Bock* v. *City of Cincinnati,* 43 Ohio App., 257, 183 N. E., 119. "Thus, an arrest without a warrant, after the completion of a minor offense not committed in the presence of the officer, is illegal." *Hopper* v. *Mabley & Carew Co.,* 14 O. D. (N. P.), 236. "If an officer is absent when a misdemeanor is committed, and all the information he has of the offense is from statements of bystanders who witnessed it, he has no authority to pursue and arrest the person charged with the offense, without first obtaining a warrant." *State* v. *Lewis,* 50 Ohio St., 179, 33 N. E., 405, 19 L. R. A., 449; *State* v. *Marshall,* 61 Ohio Law Abs., 568, 105 N. E. (2d), 891.

And see: *City of Columbus* v. *Holmes,* 107 Ohio App., 391.

From the foregoing, it is apparent that Clifford had no legal authority to pursue the Huths, or either of them, in Summit County or Portage County, or to enter upon the property of the Huths without their invitation, express or implied. Under this evidence, he was, as a matter of law, a trespasser when he entered their premises in Portage County.

All the charges made against plaintiff by Clifford grew out

of occurrences during the pursuit, or upon the premises, of the Huths, a place where Clifford had no legal right to be; and as to those charges, there was, as a matter of law, no probable cause for the making and filing of said charges against plaintiff.

On the subject of the election required by the court to be made by plaintiff, was it necessary that plaintiff elect to pursue the same defendant as to both causes of action?

The petition, in the first cause of action, set out a claim against Woodard, the sheriff, and Clifford, the deputy sheriff, and their bondsmen, for $25,000 damages for malicious prosecution.

The second cause of action set out a claim for $5,000 against the sheriff, the deputy, and their bondsmen, for assault and battery.

The trial proceeded through the plaintiff's case in chief, at which time counsel for Clifford made a motion to require plaintiff to elect whether she would pursue the sheriff or his deputy. The court required plaintiff to elect the same defendant as to both causes of action.

In 31 Ohio Jurisprudence, Pleading, Section 361, the following appears:

"It is a broad general principle that all defects in a pleading of a formal nature, and all defects not affecting the vitality of a pleading or going to the jurisdiction of the court, are waived unless proper objection thereto is made at the proper time. * * *

"* * * Likewise, failure to object by demurrer or answer to any of the several defects in a petition enumerated in G. C. Section 11309 [Section 2309.08, Revised Code], as grounds of demurrer, when such defects appear upon the face of the petition, or which are to be objected to by answer when they appear on the face of the petition, except objections to the jurisdiction of the court over the subject of the action, or the failure of the petition to state a cause of action, are waived if no objection to the particular defect is made by demurrer or answer, but where the jurisdiction of the court or the legal sufficiency of a pleading is in doubt, the question may be raised at any time, *as by*

*objection to the introduction of any testimony in support of the petition* * * *."* (Emphasis ours.)

Counsel for defendant Woodard and his surety company raised the question of the jurisdiction of the court, and the legal sufficiency of the petition, by interposing an objection to the introduction of any testimony, which objection was properly overruled by the trial court.

On the subject of the defendants' motion to require plaintiff to elect whether to pursue principal or agent, there appears from the record no joint liability on the part of defendants, and only a claimed vicarious liability based upon the doctrine of *respondeat superior.* Accordingly, the order of the court, made at the conclusion of plaintiff's case, requiring said election as between principal and agent, was proper.

*French, Admr.,* v. *Central Construction Co.,* 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669.

However, the joinder of two separate actions in one petition, not having been challenged by demurrer or answer of defendants, was, under the authorities hereinbefore set forth, waived by defendants.

The order of the trial court requiring plaintiff to elect to pursue the same defendant as to each cause of action, was prejudicially erroneous.

Had the two actions been separately filed, one could have pursued the sheriff and the bonding company for damages for malicious prosecution, and the other could have pursued the deputy and the bonding company for damages by reason of assault and battery. The waiver by defendant permitted that result to be accomplished in the one action as filed.

The next error assigned raises the question of the propriety of the trial court's order in directing a verdict for defendant Woodard and the National Surety Company.

Section 311.05, Revised Code, provides for the liability of a sheriff for the acts of his deputies, as follows:

"The sheriff shall be responsible for the neglect of duty or misconduct in office of each of his deputies."

The liability of a sheriff for the acts of his deputy is that of a master for the acts of his servant, under the doctrine of

*respondeat superior. Hanratty* v. *Godfrey,* 44 Ohio App., 360, 184 N. E., 842; *State, ex rel. Geyer,* v. *Griffin, Aud.,* 80 Ohio App., 447, 76 N. E. (2d), 294.

This record shows, from the testimony of defendant Clifford, the following:

"Q. Well, in February of 1954, was it not your duty to respond to any call which the Summit County sheriff's office directed you to investigate?

"* * *

"A. As an upright citizen, yes, I would say in taking care of the duties.

"Q. In addition to being an upright citizen, isn't it your duty as a deputy sheriff to respond to the calls that the sheriff's office tells you to respond to?

"* * *

"A. Yes."

It is apparent from this record that Clifford was, during this entire episode, acting as a deputy sheriff, performing his duties as such, in conformity to instructions received by radio from the Summit County sheriff's office.

The least that can be said of the import of the evidence is, that it presented a question for submission to the jury, under proper instructions, as to whether the deputy was acting as agent for his principal, the sheriff, in the course of his employment, and within the scope of his authority.

It appears to the members of this court that the second and third paragraphs of the syllabus in *Nelson Business College Co.* v. *Lloyd,* 60 Ohio St., 448, 54 N. E., 471, 71 Am. St. Rep., 729, 46 L. R. A., 314, are completely dispositive of the question of the right of the trial court to direct a verdict for either defendant in this case. See, also, *King* v. *Magaw,* 104 Ohio App., 469, 150 N. E. (2d), 91.

It was prejudicially erroneous to direct a verdict in favor of the defendant Woodard, and his bonding company, under the evidence shown by this record.

We are further of the opinion that the question propounded to the sheriff upon cross-examination, was proper, and an answer thereto should have been permitted. That question was:

"Q. Now following the conversation that you testified that you had with Mr. Gandee concerning the charges that were placed against Mrs. Huth and the investigation which you have stated to the jury was conducted, you did nothing following that to prevent the prosecution of Mrs. Huth on the charges placed against her in the Ravenna Municipal Court, and the charges placed against her in the Akron Municipal Court, did you?"

Objection was interposed by counsel for the sheriff, and sustained by the court.

There being no joint action shown by Woodard and Clifford, answer to the question might have elicited evidence bearing upon express or implied ratification of the deputy's acts by the sheriff.

By reason of the prejudicial errors hereinbefore set forth, the judgment of the Court of Common Pleas is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HUNSICKER, P. J., and DOYLE, J., concur.