STATE, PLAINTIFF-APPELLEE, *v.* YOUNG, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25915. Decided August 16, 1962.

*Mr. Ralph S. Locher,* director of law, *Mr. Richard F. Matia,* chief police prosecutor, and *Mr. Edward V. Cain,* assistant police prosecutor, for plaintiff-appellee.

*Mr. James R. Willis,* for defendant-appellant.

(HUNSICKER, and DOYLE, JJ., of the Ninth District, and FESS, J., of the Sixth District, sitting by designation in the Eighth District.)

HUNSICKER, P. J. In this appeal on questions of law from a judgment of guilty for the violation of Section 2915.111, Revised Code, known as the possession of numbers ticket statute, the appellant, Emerson Young, says:

"1. The court erred in overruling appellant's motion to suppress certain evidence.

"2. The verdict of the court is against the manifest weight of the evidence and is contrary to law.

"3. The court erred in failing to enter a judgment of acquittal on this charge, since under the law the evidence is insufficient to sustain a conviction of this offense.

"4. The court erred in overruling appellant's motion for a new trial."

The police officers of Cleveland, after securing certain information that a "numbers ticket" violation was being carried on at 6205 Quincy Avenue in the city of Cleveland, watched the premises and noticed Emerson Young, whom they knew, and others, going into and out of the building located at that address. The officers did not know before this occurrence that Emerson Young had any connection with the business at 6205 Quincy Avenue.

The officers then secured from the proper court a warrant to search 6205 Quincy Avenue, naming in such warrant "John Doe" as the person to be seized. In this house the officers found Emerson Young talking on the telephone. Another person was in the room. In the room the officers found an adding

machine, a shotgun, some blank "onion skin" paper, and carbon paper. Some of the carbon paper had indentations of numbers marked thereon. This personal property was confiscated.

The officers thereupon arrested and searched Emerson Young, and found on his person a sheet of paper the same size and material as that found in the room. On this paper were marked numbers, which the officers testified were a record of "clearing house" or "numbers ticket" bets.

The appellant, Emerson Young, prior to the trial moved for a suppression of the evidence thus obtained, which motion was denied. At the trial on the merits, the record of "numbers ticket" bets was introduced, and Emerson Young was found guilty of possession of such illegal material. An appeal was then lodged in this court.

The only question that it is necessary to discuss herein is whether, on the search warrant properly issued against these premises, wherein "John Doe" was the individual named therein, the appellant, Emerson Young, could be arrested and searched. This building was not the home of Emerson Young, although he had an interest in a restaurant operated in another part of the building.

Counsel for the appellant relies strongly upon the case of *Mapp* v. *Ohio*, 367 U. S., 643, 6 L. Ed. (2d), 1081, 81 S. Ct., 1684, USSC 86 Abs., 513, which case established that, as a matter of due process, evidence obtained by a search and seizure in violation of the Fourth Amendment of the United States Constitution is inadmissible in a state court. That case overruled the procedure approved in the case of *State* v. *Lindway*, 131 Ohio St., 166. There is no similarity of conduct herein to the conduct engaged in by the officers in the *Mapp case, supra*.

We are not unmindful of the injunction contained in *Boyd* v. *United States*, 116 U. S., 616, 29 L. Ed., 746, at p. 751, 6 S. Ct., 524, wherein the court said:

"* * * constitutional provisions for the security of person and property should be liberally construed. * * * It is the duty of courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon."

Yet, herein the search was lawful and not unreasonable, and was made only after a search of the premises revealed some evidence of illicit operations thereon.

Numbers tickets are easily secreted on or about the person, just as stolen jewels, narcotics or money can easily be placed on the person. If one may stand in the presence of an officer who is making a lawful search of premises, bearing on his person contraband articles such as those above named, and be secure from arrest and subsequent seizure of these articles, then enforcement becomes next to impossible, police officers are impotent, and the law-abiding people will become ruled by the lawless.

In the presence of these officers a crime was being committed by Emerson Young; a crime that could subject him, for a second offense, to three years in prison; a crime of stealth and secrecy, yet as effective as a burglar in the night season, or an armed robber.

Can it logically be claimed, upon a search warrant for a place where alleged illegal acts are being carried on, which warrant authorizes the arrest of one known only as "John Doe," that, if the occupant of the place conceals the contraband on his person, he is immune from search simply because the warrant did not specifically authorize the search, or particularize the contraband property which such occupant was concealing on his person? We do not believe the recent United States Supreme Court cases, especially the *Mapp case, supra*, determine any such absurd rule. There was no violence here, nor any personal abuse inflicted upon the appellant. His arrest and search was made after surveillance of the house, and after lawful entry therein disclosed some evidence of "numbers ticket" operation. This conduct can hardly be called "unreasonable." It must be remembered that what is "unreasonable" is a question of fact, to be determined in the first instance by the trial court. See: *Brinegar* v. *United States*, 338 U. S., 160, 93 L. Ed., 1879; *Go-Bart Importing Co.* v. *United States*, 282 U. S., 344, at p. 357, 75 L. Ed., 374, at p. 382.

The use of the name "John Doe" in the warrant for search and seizure, when Emerson Young had been seen going in and out of the place, was not, under the circumstances herein, fatal to the proceeding, although not recommended practice. Others were seen going into and out of this place, and the telephone was listed in the name of a Chester Smith, which was not the

name of the other occupant of the room when the place was searched by the police officers.

This is not the case of an arrest without a warrant, or an arrest without probable cause, or the arrest for a misdemeanor committed out of the presence of the arresting officer. Here there was a warrant against one "John Doe," who, in this instance, happened to be Emerson Young. The arrest of Emerson Young occurred after discovering some evidence of illegal operations. Whether such evidence was sufficient to convict anyone is not now before us. The arrest thereafter of Emerson Young was proper and lawful. His subsequent search revealing the contraband papers was therefore proper. See: *Bock* v. *City of Cincinnati*, 43 Ohio App., 257.

Section 2933.24, Revised Code, sets out what the search warrant shall contain, stating therein the "person to be seized." While we concede that a search warrant issued for the purpose of searching a person should describe that person, or give his name, if known, yet, where, as here, it was not known who would be in charge of the place when searched, it did not affect the validity of the warrant to name thereon one "John Doe."

In I Alexander, The Law of Arrest, Section 132, at p. 578, the rule is stated to be that "Anyone making a lawful arrest, either under a warrant or without one, may search contemporaneously the prisoner, take from him, and hold (or 'impound') for the disposition of the magistrate, anything which" it is unlawful for him to have. *Harris* v. *U. S.*, 331 U. S., 145, 91 L. Ed., 1399.

The test, then, to be applied to the search of Emerson Young is, Was the arrest lawful? In the instant case we must conclude that the trial court was justified by the evidence before it in reaching the conclusion that there was a lawful arrest.

We have examined all claimed errors, and find none prejudicial to the substantial rights of the appellant. The judgment must be affirmed.

Judgment affirmed. Exceptions. Order see journal.

DOYLE and FESS, JJ., concur.