CITY OF CINCINNATI, APPELLEE, *v.* O'NEAL, APPELLANT.

[Cite as City of Cincinnati v. O'Neal, 3 Ohio App. 2d 139.]

(No. 9606—Decided March 29, 1965.)

*Mr. William McClain*, city solicitor, and *Mr. Jerry Jung*, for appellee.

*Mr. Haskell Bazell*, for appellant.

HILDEBRANT, P. J.  Defendant was convicted in the Municipal Court of Cincinnati of a misdemeanor under city ordinance of operating an automobile while under the influence of alcohol.

The narrative bill of exceptions shows positively by the police officer's own testimony that he arrested defendant in front of his home without a warrant and without personally having seen defendant operating his car in violation of any city ordinance.

Defendant's timely motion to suppress the evidence and

quash the affidavit, for the reason that the offense charged was a misdemeanor not committed within the view of the arresting officer who, therefore, had no power to make the arrest without a warrant, was overruled.

Defendant was convicted on trial upon introduction of the evidence sought to be suppressed.

It was error prejudicial to the defendant to refuse to suppress the evidence and quash the affidavit since an arrest without warrant after completion of a minor offense, not committed in the presence of the officer, is illegal. *Huth* v. *Woodard*, 108 Ohio App. 135, paragraph two of the syllabus:

"A police officer has no legal authority to pursue a person or enter upon his property without permission, where such officer does not see, or personally know of, any violation of law perpetrated by such person, and has no warrant for the arrest of such person, but is relying solely on hearsay evidence."

See also *Bock* v. *City of Cincinnati*, 43 Ohio App. 257, and 5 Ohio Jurisprudence 2d 33, Arrest, Section 21.

The judgment is, therefore, reversed and the cause remanded with instructions to discharge the defendant.

*Judgment reversed.*

Long and Hover, JJ., concur.