The State of Ohio v. Crockett.

(Nos. 90888-9—Decided March 20, 1967.)

Cincinnati Municipal Court, Criminal Division.

*Mr. David Nichols,* assistant prosecuting attorney, for city of Cincinnati.
*Mr. Harvey B. Woods,* for defendant.

Kraft, J.   A Cincinnati police officer, who observed the defendant violating a traffic ordinance, charged the defendant with reckless driving and driving without an operator's license, in violation of the Cincinnati Municipal Ordinance No. 506-6 and Section 4507.02, Revised Code.   Both are misdemeanors.

After signing the affidavit and taking possession of the warrants for the arrest of the defendant, this officer communicated to a fellow police officer the fact that he had two warrants in his possession for the arrest of the defendant.

The second police officer, on duty, in uniform and while several blocks from the home address of the defendant, saw a vehicle, parked at the curb, with the same license number as that of the defendant's automobile.   At the same time this officer observed a male coming out of a home and walking to said parked vehicle.

This second officer pulled his police vehicle alongside of the defendant's car, as the defendant got into his car, and indicated to the defendant that he wanted to speak to him; whereupon this second officer backed his police vehicle to the curb immediately to the rear of the defendant's car.   As the officer maneuvered his vehicle to the curb, the defendant alighted from

the opposite side of his car and started to walk away from the officer; the officer jumped out of his car, announced to the defendant that he was under arrest and as he approached the defendant the defendant turned around, striking the police officer in the stomach; the police officer then grabbed the defendant and attempted to place handcuffs on the defendant; the defendant, during the scuffle which ensued, placed one hand in his pocket and withdrew a revolver; whereupon, an onlooking civilian assisted the police officer in securing the defendant's wrists with handcuffs.

This second police officer took the defendant to the police station and signed affidavits, charging the defendant with resisting arrest and assault and battery on a police officer, both misdemeanors, and carrying a concealed weapon, a felony.

The matter came on for trial and after the introduction of all the evidence defendant moved to dismiss the charges of resisting arrest and assault and battery upon a police officer, claiming that the second police officer had no right to arrest the defendant for the alleged commission of a misdemeanor or violation of the city ordinance without a warrant *on his person.* Defendant claims the second police officer did not see the defendant commit nor did he have reasonable grounds to believe that the defendant had committed a felony, nor did the second police officer *see* the defendant commit a misdemeanor.

The court is faced with this issue: Does a police officer who does not see a misdemeanor committed, does not have warrants for the arrest of a defendant *on his person,* but does know about the existence of warrants for the arrest of a defendant for a misdemeanor, have the right to place said defendant under arrest?

In reviewing the cases on this issue, the court finds that as to a felony the principle of law permitting a police officer to make an arrest without a warrant seems to have been resolved in *Johnson* v. *Reddy,* 163 Ohio St. 347, decided in 1955 and *In re Kosopud,* 272 F. 330, Syl. No. 7, decided in 1920, and Section 2935.04, Revised Code, but as to offenses of a misdemeanor nature, this question is in doubt.

The court does take cognizance of the case of *City of Columbus* v. *Holmes,* 107 Ohio App. 391, decided on May 27, 1958,

by the Court of Appeals for Franklin County, wherein the court found that

"Where no misdemeanor is committed in the presence of a police officer, there is no authority to make an arrest, on a mere suspicion or belief that a misdemeanor has been committed, without a warrant."

This court, however, believes that the instant case can be distinguished on two points. First, the police officer in the instant case was acting upon *reliable information* received from a fellow police officer, both of whom were members of the police force of the city of Cincinnati and acting directly for and in behalf of the chief of police of the city of Cincinnati, therefore was acting on more than "mere suspicion or belief." Furthermore, in the instant case, the police officer making the arrest had personal knowledge that warrants for the arrest of the defendant had already been issued by the Cincinnati Police Department and therefore this officer was not acting without a warrant being in existence.

The defense argues that the case of *Huth* v. *Woodard,* 108 Ohio App. 135, decided June 11, 1958 by the Court of Appeals for Summit County, clearly states his position, when it says:

"A police officer has no legal authority to pursue a person or enter upon his property without permission, where such officer does not see, or personally know of, any violation of law perpetrated by such person, and has no warrant for the arrest of such person, but is relying solely on hearsay evidence."

This court cannot but feel that the Legislature of the state of Ohio recognized the physical impossibility of a suburban community police force from issuing warrants to each of the members of its police force in each instance where an arrest order has been made. This court recognizes that the affidavit upon which the warrant is issued is directed to the chief of police of the city of Cincinnati and that each and every police officer so employed is acting in the capacity and representative status of said chief of police in the execution and performance of his official duties. Furthermore, Section 2935.03, Revised Code, which says: "A police officer shall arrest and detain a person found violating a law of this State or an ordinance of a municipal corporation, until a warrant can be obtained" was

intended to cover the instant situation where a warrant had been previously obtained and was in existence prior to the time the second police officer approached and made the arrest of the defendant.

Within the framework of the present processes of law enforcement in a suburban area this court believes it would be an unconscionable burden, an unnecessary and unrealistic requirement to have each police officer carrying the hundreds of warrants which are outstanding on any given day.

The motions of the defendant to dismiss the affidavits charging the defendant with resisting arrest and with assault and battery on a police officer are overruled.

*Motions overruled.*