**The STATE of Ohio, Appellee,**

v.

**ROSE, Appellant.**

[Cite as *State v. Rose* (1991), 75 Ohio App.3d 656.]

Court of Appeals of Ohio,
Montgomery County.

No. 12545.

Decided Aug. 20, 1991.

*F. Jay Newberry,* for appellee.

*Jack H. Berger,* for appellant.

GRADY, Judge.

Defendant Adrian Rose appeals from his conviction for resisting arrest, in violation of R.C. 2921.33.

During the morning hours of August 17, 1990, Officer Gaines of the Kettering Police Department observed appellant's automobile coast to a stop in the travelled portion of a public roadway. The officer parked his vehicle behind appellant's vehicle and approached it to investigate. The officer did not regard his action to constitute a "traffic stop."

Officer Gaines asked appellant if he had a driver's license. Appellant responded that he did. The officer then asked to see the license and appellant asked him why he wanted to see it. The officer did not reply, but asked again, several times, to see the license. In response to each request appellant repeated his demand to know why the officer wanted to see the license. After the series of questions Officer Gaines told appellant he was under arrest for failure to display his driver's license upon request.

In the course of performing his arrest the officer attempted to handcuff appellant's arms behind his back. Through the course of the next twenty or thirty seconds appellant moved his arm to avoid the measure and, according to appellant's own testimony, struggled in the process. After twenty to thirty seconds the officer called for backup assistance of other officers. Upon hearing this, appellant agreed to produce his license and pulled out his wallet

and told the officer there was a license inside. Officer Gaines then told him it was too late and that he was under arrest for the offense.

Appellant Rose was charged with failure to display a license, in violation of Section 436.06 of the Codified Ordinances of the City of Kettering. He was also charged with a violation of R.C. 2921.33, resisting arrest. At trial, the court dismissed the charge of failure to display an operator's license upon a finding that the delay involved was not unreasonable and did not constitute a violation of the ordinance. However, the court found appellant guilty of resisting arrest. It imposed a fine of $750, $500 of which was suspended, and sentenced appellant to serve ninety days in jail, all of which was suspended.

Appellant Rose has filed a timely notice of appeal and presents a single assignment of error.

"The trial court erred in determining that there was probable cause to arrest appellant for refusing to display his operator's license in violation of Section 436.06 of the Codified Ordinances of the city of Kettering, Ohio."

A lawful arrest is a necessary element of the crime of resisting arrest. *Hoover v. Garfield Hts. Mun. Court* (C.A.6, 1986), 802 F.2d 168. Although a conviction for resisting arrest does not require that the defendant also be convicted of the offense for which he was initially arrested, nevertheless, the arresting officer must have had probable cause or a reasonable basis to believe that the offense for which the defendant was arrested did, in fact, occur. *Coffel v. Taylor* (S.D.Ohio 1978), 8 O.O.3d 253. *State v. Johnson* (1982), 6 Ohio App.3d 56, 6 OBR 268, 453 N.E.2d 1101. In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances. *Columbus v. Fraley* (1975), 41 Ohio St.2d 173, 70 O.O.2d 335, 324 N.E.2d 735.

Section 436.06 of the Codified Ordinances of the City of Kettering provides:

"DISPLAY OF LICENSE.

"(a) The operator or chauffeur of a motor vehicle shall display his license, or furnish satisfactory proof that he has such license, upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. *When a demand is properly made and the operator or chauffeur has his license on or about his person, he shall not refuse to display such license.* Failure to furnish satisfactory evidence that such person is licensed under Ohio R.C. 4507.01 to 4507.30, inclusive, when such person does not have his license on or about his person shall be prima-

facie evidence of his not having obtained such license. (ORC 4507.35; Ord. 2437–72. Passed 12–12–72).

"(b) Whoever violates this section is guilty of a misdemeanor of the third degree. Punishment shall be as provided in Section 408.01. (Ord. 2542–74. Passed 1–22–74.)" (Emphasis added.)

■ Appellant argues that he did not refuse to display his license to the arresting officer, but only made a reasonable request to know why the officer desired to see it. He argues that at no point did he tell the officer he would not produce the license, and argues that his request was certainly reasonable under the circumstances.

Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. *Bock v. Cincinnati* (1931) 43 Ohio App. 257, 10 Ohio Law Abs. 436, 183 N.E. 119. Most questions of probable cause address the officer's knowledge of the circumstances. In this case, the officer's knowledge was derived from his own view of and participation in those circumstances. Therefore, the issue is whether the circumstances were sufficiently strong in themselves to warrant a reasonable belief that the law had been violated.

■ What facts and circumstances amount to probable cause is a question of law, but whether they exist in any particular case is a question of fact. *Bock v. Cincinnati, supra.* In this case the trial court concluded that the officer had probable cause to make the arrest based on the circumstances before him. As that is a determination of fact by the trial court, we may not disturb the decision unless we find it to be against the manifest weight of the evidence.

Based on all the facts and circumstances of record, we conclude that the trial court did not err in finding that appellant's failure to produce his operator's license provided Officer Gaines a reasonable basis to believe that appellant had violated Section 436.06. As that section provides that a violation is a misdemeanor of the third degree, it is clear that appellant's arrest constituted a lawful arrest as contemplated by R.C. 2921.33. His resistance by force, which is supported by the record, constitutes a violation of that section.

For the reasons stated, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and BROGAN, J., concur.