OPINION
Defendant-appellant, Robert Merz, appeals his convictions for obstruction of official business and resisting arrest.
On November 21, 1996, Officer Schmidt of the Hamilton Police Department and Larry Adams, a Hamilton Animal Control Officer, responded to a call of dogs running loose and attacking people in the 1200 block of Ludlow Street, Hamilton, Butler County, Ohio. When the officers arrived at the scene, they found a rottweiler and two mixed breed chows running loose on the street. The officers followed the dogs to Merz's home at 1216 Ludlow Street. A child opened the door and let in the dogs.
The officers approached the home, knocking on the door. The child opened the door and called for her father. Merz appeared at the door. Officer Schmidt informed Merz that he was investigating complaints about dogs running loose and asked Merz for identification. Merz responded by shouting obscenities, yelling that he did not need to identify himself, and retreating into the house. After a few moments of this conduct, Officer Schmidt informed Merz that he was under arrest. Merz backed away from the door, and Officer Schmidt entered the home in an attempt to restrain Merz.
A struggle ensued, and Merz pushed Officer Schmidt onto the living room couch. The three dogs ran into the room. Officer Schmidt sprayed Merz with mace and was forced to twice hit Merz on the back with a nightstick. Merz attempted to flee the house. When Merz saw Officer Adams in the front doorway, he stopped and allowed himself to be handcuffed.
Merz was charged with three counts of allowing a dog to run at large, in violation R.C. 955.22, a fourth degree misdemeanor.[1] Merz was further charged with one count of obstructing official business, in violation of R.C.2921.31, a second degree misdemeanor, and one count of resisting arrest, in violation of Hamilton Codified Ordinance ("HCO") 525.09, a second degree misdemeanor.[2] A bench trial was held, at which both officers and one of Merz's neighbors testified on behalf of the state. Merz and family members testified for the defense. The trial court took the matter under consideration, later finding Merz guilty of all charges. A sentencing hearing was held, at which the trial court read its opinion and entry, ordering that appellant serve ninety days in jail for both the obstruction of official business and resisting arrest, the sentences to run consecutively. Merz was fined $100 for each of the five charges. Merz appeals, raising two assignments of error.
First Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND HIM GUILTY OF OBSTRUCTING OFFICIAL BUSINESS AND RESISTING ARREST.
In his first assignment of error, Merz contends that Officer Schmidt did not have reason to lawfully arrest him. Merz asserts that, as a result, he was lawfully entitled to not provide his information to Officer Schmidt and to resist the allegedly unlawful arrest.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied,79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. A decision will not be disturbed on appeal as being against the weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Fields (1995), 102 Ohio App.3d 284,287.
Allowing a dangerous dog to run at large, as a fourth degree misdemeanor, is an offense that one may be arrested for committing. R.C. 955.22(D); R.C. 2935.03(A).[3] Thus, we must determine if circumstances were such that Officer Schmidt could not lawfully arrest Merz or if Merz, in fact, did not obstruct or resist Officer Schmidt's attempts to investigate or arrest him.
Obstructing official business is prohibited by R.C. 2921.31(A):
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.
Although simply refusing to provide one's information to a police officer may not constitute obstruction of official business, when one takes overt acts to impede or obstruct the officer's investigation or business, one may be found guilty of obstructing official business. State v. Collins (1993),88 Ohio App.3d 291, 293-294, overruled in part on other grounds,State v. Tolliver (Dec. 13, 1996), Montgomery App. No. 15184, unreported.
HCO 525.09(A) prohibits resisting arrest:
 No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another.
A refusal to provide one's identification in the course of a proper investigation of a misdemeanor, even where such does constitute obstructing official business, may provide sufficient grounds for a lawful arrest for the misdemeanor offense of resisting arrest. State v. Rose (1991), 75 Ohio App.3d 656,659; State v. McCrone (1989), 63 Ohio App.3d 831,837, appeal dismissed (1990), 48 Ohio St.3d 704.
Although the officers and Merz disagree over the sequence of events surrounding Merz's arrest, it is clear that Officer Schmidt could have lawfully arrested Merz, and that Merz unlawfully attempted to obstruct and resist that arrest. The officers had probable cause to believe that the dogs either belonged to Merz or that he was their keeper. When the officers attempted to investigate, Merz refused to provide information, verbally abused the officers, moved away from them into the house, and then physically resisted attempts to restrain him. The officers had probable cause to issue citations for allowing the dogs to run loose. When Merz unequivocally indicated that he would not provide any identification and that he would physically resist any attempt to calm or restrain him, the officers had probable cause to arrest him for obstruction of official business. Merz then resisted this lawful arrest.
The trial court did not err in finding Merz guilty of obstructing official business and resisting arrest. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT AFFORD HIM OR HIS COUNSEL AN OPPORTUNITY TO SPEAK PRIOR TO SENTENCING.
In his second assignment of error, Merz contends that the trial court failed to comply with Crim.R. 32(A). Merz asserts that the trial court failed to give him or his counsel an opportunity to speak before sentence was imposed, prejudicing his rights at sentencing.
Crim.R. 32 (A) provides in part:
 Sentence shall be imposed without unnecessary delay. * * * At the time of imposing sentence, the court shall do all of the following:
 (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
Crim.R. 32(A) applies to felonies and misdemeanors. Defiancev. Cannon (1990), 70 Ohio App.3d 821, 828. A failure to strictly comply with Crim.R. 32(A)(1) may be harmless where defense counsel is able to speak on behalf of the defendant.State v. Smelcer (1993), 89 Ohio App.3d 115, 128, appeal dismissed, 67 Ohio St.3d 1502. But where neither the defendant nor defense counsel are given any opportunity to speak before sentence is imposed, the matter may be remanded for resentencing. Cannon, 70 Ohio App.3d at 827-828; State v.Dupree (Apr. 9, 1991), Montgomery App. No. 11907, unreported. Should the defendant make no attempt to object to a failure to comply with Crim.R. 32(A), the issue is waived for purposes of appeal. State v. Peters (Aug. 22, 1990), Lorain App. No. 89CA004733, unreported.
At the sentencing hearing, the trial court immediately pronounced sentence, reading its opinion and entry verbatim. The trial court neither asked Merz if he wished to speak nor provided Merz with an opportunity to speak. Although Merz's counsel was able to obtain an appeal bond on appellant's behalf after sentencing, it is unclear if counsel was attempting only to secure a bond or also attempting to object to the trial court's failure to comply with Crim.R. 32(A)(1). The record of the sentencing hearing makes it clear that the trial court was interested in concluding the sentencing hearing as quickly as possible. For this reason, we must find that the trial court's failure to comply with Crim.R. 32(A)(1) was prejudicial.
The trial court erred by failing to comply with Crim.R. 32(A). The second assignment of error is sustained.
POWELL, P.J., concurs.
VALEN, J., concurs separately.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, vacated and remanded to the trial court for resentencing.
It is further ordered that a mandate be sent to the Hamilton Municipal Court for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed to appellant.
 __________________________________ Stephen W. Powell, Presiding Judge
William W. Young, Judge, Anthony Valen, Judge.
[1] "Dangerous dog" is defined by R.C. 955.11(A)(1)(a):
 "Dangerous dog" means a dog that, without provocation, * * * has chased or approached in either a menacing fashion or an apparent attitude of attack, or has attempted to bite or otherwise endanger any person, while that dog is off the premises of its owner, keeper, or harborer and not under the reasonable control of its owner, keeper, or harborer, or some other responsible person, or not physically restrained or confined in a locked pen which has a top, locked fenced yard, or other locked enclosure which has a top.
A violation of R.C. 955.22(D), which concerns a "dangerous dog," is a fourth degree misdemeanor. R.C. 955.99(F). If the offense does not concern a "dangerous dog," it is a violation of R.C. 955.22(B) or (C), a minor misdemeanor punishable by a minimal fine. R.C. 955.99(E). The dogs in this case had attacked or threatened numerous persons, and were thus "dangerous dogs."
[2] HCO 525.09(A) is identical to R.C. 2921.33(A).
[3] R.C. 2935.03(A) allows a municipal police officer to arrest and detain "a person found violating, within the limits of the political subdivision, * * * a law of this state, an ordinance of a municipal corporation, or a resolution of a township." Pursuant to R.C. 2935.26(A)(2), a police officer may only issue a citation for a minor misdemeanor unless the "offender cannot or will not offer satisfactory evidence of his identity."