**The STATE of Ohio, Appellee,**

v.

**RATCLIFF, Appellant.**

[Cite as *State v. Ratcliff* (1994), 95 Ohio App.3d 199.]

Court of Appeals of Ohio,
Ashland County.

No. CA–1066.

Decided June 7, 1994.

*Robert P. Desanto,* for appellee.

*Lori Ann McGinnis,* for appellant.

Gwin, Presiding Judge.

Defendant, Terry L. Ratcliff (appellant), appeals from the judgment of conviction and sentence entered upon his no-contest plea to one count of drug abuse (knowingly possessing cocaine), in violation of R.C. 2925.11(A). Appellant assigns as error:

"I. The trial court erred in considering facts not presented in evidence at the hearing on the defendant-appellant's motion to suppress and the state's motion to dismiss said motion all to the prejudice of the defendant-appellant.

"II. The trial court erred in dismissing defendant-appellant's motion to suppress evidence seized from defendant-appellant's boots located in a motor vehicle in which defendant-appellant was a passenger, for the reason that defendant-appellant lacked standing to challenge the search, in violation of defendant-appellant's constitutional rights to be free from unreasonable search and seizure as guaranteed by the Constitution of the United States and the state of Ohio, all to the prejudice of the defendant-appellant.

"III. The trial court erred in finding that even if defendant-appellant had standing to challenge the search of his boots located in a motor vehicle in which he was a passenger, the search of same constituted a valid search under the automobile exception to the warrant requirement, in violation of defendant-

appellant's constitutional rights to be free from unreasonable search and seizure as guaranteed by the Constitution of the United States and the state of Ohio, all to the prejudice of defendant-appellant.

"IV. The trial court erred in finding that the evidence seized from defendant-appellant's boots discovered from an illegal search of a motor vehicle in which defendant-appellant was a passenger would have been inevitably discovered by the state pursuant to an inventory search of said motor vehicle, all in violation of defendant-appellant's constitutional rights to be free from unreasonable search and seizure as guaranteed by the Constitution of the United States and the state of Ohio, and to the prejudice of defendant-appellant.

"V. Defendant-appellant was denied effective assistance of counsel where trial counsel failed to file a meritorious motion to suppress statements made by defendant-appellant to law enforcement officers, where defendant-appellant was searched and detained in a police vehicle where he was thereafter questioned by officers regarding contraband found in boots in a motor vehicle in which he was a passenger without benefit of Miranda warnings, all in violation of the defendant-appellant's right to counsel and his privilege against self-incrimination as guaranteed by the Constitutions of the United States and the state of Ohio, all to the prejudice of the defendant-appellant."

On the afternoon of June 27, 1993, Trooper Roger E. Teague, of the Ohio State Highway Patrol, was on routine patrol in the northbound lane of Interstate 71 when he observed a 1972 Open Road motor home parked on the right berm of the southbound lanes. As he neared the motor home, the trooper observed two males urinating outside the motor home "in plain view of the roadway." Trooper Teague proceeded to the first interstate "crossover" so he could return to the parked motor home and determine whether it was experiencing mechanical difficulty.

While in route, Trooper Teague "clocked" a southbound bus traveling in excess of the posted speed limit. The trooper pursued the bus and soon passed the same motor home now traveling approximately "50 miles per hour" and "weaving continually." Upon stopping the speeding bus, the trooper turned to the approaching motor home and motioned it to pull over.

As the trooper approached the motor home, he immediately noticed its driver had "glassy eyes" and "a moderate odor of alcohol about him." The driver readily admitted that he had been smoking marijuana and drinking all weekend. After performing a "gaze and nystagmus test," the trooper arrested the driver for operating a motor vehicle while under the influence of alcohol.

Based upon the driver's admissions, Trooper Teague suspected the motor home contained marijuana and/or other contraband and requested appellant, who was

traveling as a passenger in the motor home, to exit the vehicle and take a seat in the cruiser. Trooper Teague then radioed for the assistance of Trooper Robert Farabaugh, a drug interdiction officer and police dog handler.

Trooper Farabaugh arrived at the scene with Ambrose, a German Shepherd trained to detect odors of marijuana, cocaine, crack, heroin, methamphetamines and hashish. As Trooper Farabaugh and Ambrose approached the outside passenger's side of the motor home, Ambrose reacted in a manner that alerted the trooper to a positive detection of illegal drugs within the motor home. Trooper Farabaugh testified that he secured Ambrose in the back of his cruiser and:

"I opened up the door and there was a marijuana roach lying on the carpeting in front of me after you step up the step right there on the floor. As I took one step in, to the left of me there was a marijuana pipe sitting on the counter.

"I then went up toward the vents where Ambrose had alerted and started searching the floor area. And there was some wet clothes on the passenger's side where Mr. Ratcliff had been seated, a pair of boots, a pair of blue jeans, and some other articles of clothing.

"In one of the boots I turned it up and a plastic bag had fallen out containing some white powder. I recognized it as cocaine."

Upon inquiry, appellant admitted it was his cocaine that was found in his boot.

Appellant was subsequently charged with drug abuse and moved to suppress all evidence obtained by the police. The motion was overruled and appellant now seeks our review.

## I

Through his first assignment, appellant maintains the trial court erred in overruling his motion to suppress because it considered evidence not submitted at the hearing.

The facts as herein set forth were taken from the preliminary hearing and the hearing on appellant's motion to suppress. Both hearings were conducted before Judge Robert E. Henderson and both included the sworn testimony of Troopers Teague and Farabaugh. We find no error in the trial court's consideration of the evidence presented at appellant's preliminary hearing.

Accordingly, we overrule appellant's first assigned error.

## II, III & IV

Through his second, third and fourth assigned errors, appellant challenges the traffic stop of the motor home and the subsequent search and seizure.

### TRAFFIC STOP

■ A driver and his passengers have standing to challenge the legality of a traffic stop. *State v. Carter* (1994), 69 Ohio St.3d 57, 63, 630 N.E.2d 355, 360. The passengers' standing is premised upon the fact that all people within the stopped vehicle are equally seized and their freedom of movement equally detained. *Id.*; *State v. Eis* (Iowa 1984), 348 N.W.2d 224; *State v. DeMasi* (R.I.1980), 419 A.2d 285, vacated on other grounds (1981), 452 U.S. 934, 101 S.Ct. 3072, 69 L.Ed.2d 948. Therefore, appellant, as a passenger in the motor home, has standing to challenge the propriety of the initial traffic stop.

■ Under the Fourth Amendment to the United States Constitution, a police officer who lacks probable cause, but whose observations lead him reasonably to suspect that a particular individual has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Following this line of reasoning, if a police officer has reasonable suspicion of criminal activity he may perform a traffic stop if it is necessary to investigate the suspicious circumstances. *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. However, the propriety of any investigative stop depends upon whether the officer's suspicion is reasonable and based upon specific and articulable facts before him. *Id.*; *Terry, supra.* An investigative stop must be viewed in the light of the totality of the surrounding circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044. Furthermore, these circumstances are to be viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. A court reviewing the officer's actions must give due weight to his training and view the evidence as it would be understood by those in law enforcement. *United States v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621; *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271.

■ Upon review of the facts as observed by Trooper Teague, we find the officer had reasonable suspicion based upon specific and articulable facts that the motor home was being operated by a driver who was under the influence of alcohol and/or drugs. Trooper Teague testified that he first observed the vehicle parked on the berm of Interstate 71 with two male subjects standing outside the vehicle urinating along the public roadway. The trooper then observed the motor home as it was being driven on the highway "weaving from on the center line off to the right side of the road three times while it was in my view, only for a matter of about thirty seconds." From these facts, it was reasonable for the officer to suspect the driver of the motor home was under the influence of alcohol and/or drugs. Accordingly, Trooper Teague was justified in performing a traffic stop of the motor home to investigate the suspicious circumstances.

### SEARCH AND SEIZURE

■ The Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution require a police officer to first obtain a warrant based on probable cause before conducting a search. However, this warrant requirement is subject to a number of well-established exceptions. One such example involves automobiles. When a police officer has probable cause to believe a vehicle contains evidence of a crime, contraband, or other evidence that is subject to seizure, the officer may conduct a warrantless search of every part of the vehicle and its contents, including all moveable containers and packages, that could logically conceal the objects of the search. *United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572; *Chambers v. Maroney* (1970), 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

In *New York v. Belton* (1981), 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768, the United States Supreme Court held that when a police officer has made a lawful custodial arrest of the occupant of an automobile "he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile * * * [and] * * * any containers found within the passenger compartment." However, the Ohio Supreme Court in *State v. Brown* (1992), 63 Ohio St.3d 349, 350, 588 N.E.2d 113, 114, declined to interpret *Belton* as a *per se* rule that a police officer may automatically conduct a detailed search of an arrestee's automobile after a traffic violation arrest. The court held:

"A police officer may not open a small, closed container found inside an automobile's glove compartment solely as a search incident to the driver's arrest for a traffic violation, after the officer has the suspect—and sole occupant of the vehicle—under control in the police cruiser." *State v. Brown* (1992), 63 Ohio St.3d 349, 588 N.E.2d 113, syllabus.

■ "Probable cause" is defined as a reasonable ground of suspicion supported by facts and circumstances sufficiently strong in themselves to warrant a prudent person in believing an accused person had committed or was committing an offense. *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225–226, 13 L.Ed.2d 142, 145; *State v. Rose* (1991), 75 Ohio App.3d 656, 659, 600 N.E.2d 382, 384. See, also, *State v. Heston* (1972), 29 Ohio St.2d 152, 155–156, 58 O.O.2d 349, 350–351, 280 N.E.2d 376, 378–379. Ohio courts have interpreted this definition to include the "totality" of facts and circumstances within a police officer's knowledge. See *State v. Finch* (1985), 24 Ohio App.3d 38, 24 OBR 61, 492 N.E.2d 1254; *Atwell v. State* (1973), 35 Ohio App.2d 221, 64 O.O.2d 342, 301 N.E.2d 709.

■ Applying the above law to this case, we find Troopers Teague and Farabaugh had probable cause to conduct a warrantless search of the motor

home. By his own admission, the driver of the motor home stated he had been drinking and smoking marijuana prior to his arrest. This admission coupled with the driver's appearance was sufficient to warrant a prudent police officer to believe that the motor vehicle contained marijuana. Rather than immediately act on that suspicion, Trooper Teague cautiously proceeded to corroborate his suspicion by summoning Trooper Farabaugh. The search of the motor home did not occur until after Trooper Farabaugh's highly trained police dog acted in a manner that confirmed Trooper Teague's suspicion. Accordingly, sufficient probable cause existed justifying the search of the motor home.

Although the issue may now be moot, there appears to be a question as to whether appellant has standing to challenge the search of the motor vehicle and the subsequent seizure of drugs. In order to establish that his own Fourth Amendment rights had been violated by an alleged illegal search and seizure, the accused must demonstrate that he has a reasonable expectation of privacy in the area searched. *Rakas v. Illinois* (1978), 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387; *United States v. Salvucci* (1980), 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619; *Rawlings v. Kentucky* (1980), 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633. The burden is on the defendant to make this showing. *Id.*; *State v. Coleman* (1989), 45 Ohio St.3d 298, 544 N.E.2d 622. We believe sufficient evidence was presented to demonstrate that appellant did have standing to challenge the propriety of the search and subsequent seizure of the cocaine from the motor home. Officer Teague testified that appellant asserted an ownership and/or possessory interest in the boot search and the cocaine seized. See *Rakas, supra.*

For the foregoing reasons, appellant's second, third, and fourth assigned errors are overruled.

## V

Through his fifth and final assignment, appellant maintains he was denied effective assistance of counsel because his attorney did not seek to suppress appellant's admissions that the boot and the cocaine were his. Appellant maintains these admissions were in violation of *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. This assignment is without merit.

We find from the facts of this case that appellant was not in custody for purposes of *Miranda* at the time he admitted the boot and the cocaine found therein were his. Therefore, counsel for appellant was not ineffective for not raising this unmeritorious claim.

Appellant's fifth assigned error is overruled.

For the foregoing reasons, the judgment of conviction and sentence entered in the Ashland County Court of Common Pleas are hereby affirmed.

*Judgment affirmed.*

READER, J., concurs.

HOFFMAN, J., dissents.

WILLIAM B. HOFFMAN, Judge, dissenting.

Though I agree with the majority's reasons for overruling appellant's third and fifth assignments of error,[1] I would sustain appellant's first assignment of error, vacate the conviction and sentence and remand the matter to the trial court to reconsider its judgment relative to appellant's motion to suppress and limited to the evidence presented at that hearing. In the absence of a stipulation by counsel that the trial court may consider the evidence adduced at a preliminary hearing as part of the evidence in a subsequent suppression hearing, the trial court commits error, when it *sua sponte* considers the same in reaching its decision on the suppression issue.

---

1. The majority opinion overrules appellant's first assignment of error but yet finds the appellant did have standing to challenge the search. I believe the proper disposition would be to sustain the first assignment of error but affirm the judgment on the independent ground that the traffic stop was valid and the search was authorized under the automobile exception. For the same reason, I would overrule appellant's fourth assignment of error as moot.