Defendant-appellant, George A. Kilgore, appeals his no contest plea and subsequent conviction in the Butler County Court of Common Pleas for receiving stolen property. We affirm.
On December 9, 1997, appellant was pulled over on I-75 in Butler County, Ohio by Deputy Greg Wargo of the Butler County Sheriff's Office because appellant's vehicle displayed plates belonging to a different vehicle. Dep. Wargo requested that appellant exit the vehicle and show his operator's license and registration. Dep. Wargo noticed that there was a passenger and that there was a large box present in the back seat of the vehicle. Appellant appeared extremely nervous and dropped his license when handing it to Dep. Wargo. The registration papers showed that the vehicle was a rental car rented to appellant's girlfriend.
Dep. Wargo asked appellant where he was coming from, where he was going, how long he had been at his last location, and the identity of his passenger. Appellant was nervous and gave elusive and conflicting answers. Dep. Wargo ordered appellant to stay at the rear of the vehicle, and proceeded to question the passenger. The passenger gave answers which conflicted with appellant's answers. Based upon the conflicting stories, appellant's nervousness, and the fact that appellant's stated origin and destination were known drug locations, Dep. Wargo suspected criminal activity. At this time, Dep. Wargo had appellant sit in the back of the patrol car while the deputy recorded routine information from the stop. Dep. Wargo also called for Dep. Ron Axt of the canine unit to provide back up.
Dep. Axt arrived within five minutes, and proceeded to walk the trained drug dog around the vehicle. The dog alerted that there were drugs present. At this time, the deputies searched the vehicle and found marijuana residue, stems, and leaves throughout the car. The deputies also looked in a box in the back seat, believing that drugs may have been concealed in the box. Instead, the box held smaller boxes containing expensive lamps, similar in type. The smaller boxes all had inventory and shipping labels from a Lazarus department store.
From his previous experience as a security officer with Lazarus and Parisian department stores, Dep. Axt believed that the lamps had been stolen. When appellant was asked where he got the lamps, he stated that he had bought them from a friend at a flea market, but he could not provide any details or a receipt. The deputies called Springdale Police Department to see if there were any reports from the Lazarus in Tri-County Mall concerning stolen merchandise. This was the store closest to appellant's stated origin. Because it was after business hours, the Springdale police were unable to contact the store personnel, and the deputies seized the lamps pending further investigation. Dep. Wargo made out a receipt which he furnished to appellant.
It was later determined that the lamps were stolen, and on April 21, 1998, the Butler County Grand Jury indicted appellant on one count of receiving stolen property, a violation of R.C.2913.51(A). Appellant filed a motion to suppress the lamps as evidence, asserting that the search of the vehicle and box were improper. The trial court held an evidentiary hearing on the motion on June 25, 1998, and filed its entry denying appellant's motion the following day.
On August 3, 1998, appellant entered a no contest plea to the charge. The trial court found appellant guilty, and on September 10, 1998, sentenced appellant. The trial court ordered that appellant serve a twelve-month term of incarceration, pay a $2,000 fine, and make restitution as determined by the Adult Probation Department. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN DENYING THE MOTION TO SUPPRESS BECAUSE THE OFFICER'S DETENTION AND WARRANTLESS SEARCH OF APPELLANT WERE UNJUSTIFIED AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS.
In his assignment of error, appellant contends that the trial court erred in denying his motion to suppress because the scope of his detention and the search exceeded the justification underlying the stop. The state responds that the officers had reason to extend the length of the stop based upon the circumstances of the stop and that the officers had probable cause to conduct the search.
When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best role to evaluate the credibility of witnesses and resolve questions of fact. State v.Clay (1973), 34 Ohio St.2d 250, 251. In reviewing the decision of a trial court on a motion to suppress, the appellate court must accept the findings of fact if supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 593, appeal dismissed, 69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. Id.
Appellant does not contest the propriety of the initial stop, or Dep. Wargo's justification for initially questioning appellant. Instead, appellant argues that once Dep. Wargo determined that the fictitious plates were not the result of any action by appellant, the deputy had no reason to continue the stop and search the vehicle.
If the circumstances of an otherwise proper stop give rise to a reasonable suspicion of illegal activity which is different from that triggering the initial stop, the vehicle may be detained as long as the new reasonable suspicion continues. Such a detention is lawful, even though the officer is satisfied that the suspicion underlying the initial stop has dissipated. State v. Myers
(1990), 63 Ohio App.3d 765, 771. It must be noted, though, that a detention can continue only so long as necessary to effectuate the purposes of the stop or detention. State v. Chatton (1984),11 Ohio St.3d 59, 63, certiorari denied, 469 U.S. 856, 105 S.Ct. 182.
In the instant case, after Dep. Wargo questioned appellant and his passenger, Dep. Wargo reached the conclusion that there was possible criminal activity. He had a reasonable basis for this belief. Appellant was extremely nervous, and his answers to questions concerning his origin and destination were conflicting and suspicious. Furthermore, appellant's story conflicted with that of the passenger. In addition, both the origin and destination of appellant's travels were known drug locations. Thus, Dep. Wargo had reasonable suspicion to continue the stop and have a trained canine examine appellant's vehicle for drugs.State v. French (1995), 104 Ohio App.3d 740, 743.
Because Dep. Wargo had a reasonable justification to continue the stop, waiting on the drug dog for only five minutes did not infringe upon appellant's rights. See id. Once appellant had been properly detained, Dep. Wargo's use of a drug sniffing dog to detect the presence of illegal drugs did not violate a reasonable expectation of privacy, and it was not a search under either the United States or Ohio Constitutions. French,104 Ohio App.3d at 749; State v. Waldroup (1995), 100 Ohio App.3d 508, 514.
Once a trained drug dog alerts to the odor of drugs from a lawfully detained vehicle, an officer had probable cause to search the vehicle for contraband. French, 104 Ohio App.3d at 749;Waldroup, 100 Ohio App.3d at 514-515. Furthermore, "if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." United States v. Ross
(1982), 456 U.S. 798, 825, 102 S.Ct. 2157, 2173; New York v.Belton (1981), 453 U.S. 454, 101 S.Ct. 2860, rehearing denied,453 U.S. 950, 102 S.Ct. 25. "Probable cause" is defined as "a reasonably strong suspicion supported by facts and circumstances sufficiently strong in themselves to warrant a prudent person in believing an accused person had committed or was committing an offense." State v. Ratcliff (1994), 95 Ohio App.3d 199, 205.
The deputies were authorized to search the vehicle and any contents which may have contained the drugs smelled by the drug dog. In the case of the box, the officers had reason to believe the drugs may have been present, both due to the alert by the drug dog, and the box's appearance — a large, nondescript cardboard box. That the search revealed that the box did not contain drugs is irrelevant, as it uncovered evidence indicating that appellant was engaged in different criminal activity, possession of stolen property.
Therefore, we conclude that the trial court properly found that the continued detention of appellant and the subsequent search of the vehicle were not unlawful. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.