OPINION
Defendant-appellant Michael Chiolo appeals the January 5, 1999 Judgment Entry of the Stark County Court of Common Pleas which found him guilty and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On July 28, 1998, Officer Victor George of the Canton City Police Department responded to a dispatch call regarding loud music coming from a vehicle. The vehicle, a black Ford Explorer, was parked on 12th Street, in Canton, Ohio. It was summer, and the windows on the patrol car were down. As the officer approached the Explorer, he could hear the music emanating from the vehicle, even though he was over 100 feet away. The officer testified the vehicle was parked but running. However, when his partner pulled the patrol car behind the Explorer, the vehicle and the music were turned off. Officer George exited the patrol car and approached the Explorer. He noticed it was parked over 12 inches from the curb. Officer George planned to cite the driver for loud music and for the parking violation. Before Officer George reached the vehicle, appellant exited from the driver's seat of the Explorer and walked toward Officer George and his partner. Officer George testified appellant had been sitting in the driver's seat, and although the car was turned off, the keys were in the ignition. Appellant appeared extremely nervous; he was shaking and breathing heavily. The officers asked appellant for identification and appellant explained he had no identification with him. Officer George asked appellant to sit in the back of his cruiser and appellant complied. Officer George ran appellant's social security through the state LEADS computer and determined appellant had a suspended driver's license. With this information, Officer George decided to arrest appellant for driving under suspension, and to impound the vehicle. Appellant told Officer George the Explorer belonged to his girlfriend, who was currently in the car. Appellant told the officers his girlfriend had been driving the car, not him. Officer George did not believe appellant, and arrested him. Before impounding the Explorer, Officer George conducted an inventory search. As he began his search, he recovered a cigar box on the front seat. When he opened the box he discovered marijuana and an electric scale. Behind the back seat, Officer George discovered a white plastic grocery bag which contained ziplock type bags of marijuana. On September 24, 1998, the Grand Jury of Stark County indicted appellant on one count of possession of marijuana in violation of R.C. 2925.11(A). Appellant pled not guilty at his arraignment. On November 5, 1998, appellant filed a Motion to Suppress. The motion came on for hearing on November 18, 1998. In a November 24, 1998 Judgment Entry, the trial court denied appellant's Motion to Suppress. On December 30, 1998, appellant withdrew his previous plea of not guilty and entered a plea of no contest to the charge. By Judgment Entry dated February 5, 1999, the trial court found appellant guilty, and imposed a six month sentence in the Lorain Correctional Institution. It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS THUS VIOLATING HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION. AN INVENTORY SEARCH OF A VEHICLE IS LEGAL ONLY IF THE VEHICLE IS LEGALLY IMPOUNDED AND THE SEARCH IS NOT MERELY A PRETEXT FOR A WARRANTLESS EVIDENTIARY SEARCH.
 II. THE TRIAL COURT ERRED WHEN IT FOUND THAT THE APPELLANT WAS THE DRIVER OF THE VEHICLE.
 III. THE TRIAL COURT ERRED WHEN IT FOUND THAT THE SUSPENSION OF A DRIVER'S LICENSE UNDER AN ADMINISTRATIVE LICENSE SUSPENSION (ALS) PERMITTED THE PATROLMAN TO IMPOUND THE VEHICLE.
 I
In his first assignment of error, appellant maintains the trial court erred in denying his motion to suppress because the officer's decision to impound the vehicle was merely a pretext for a warrantless evidentiary search. Essentially, appellant argues Officer George improperly used the minor misdemeanor noise violation as a pretext for impounding the Explorer. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." The issue before us is whether Officer George had probable cause to determine appellant operated the Explorer without a valid operator's license. If Officer George had probable cause, he would have legal authority to impound the vehicle and conduct an inventory search. Probable cause is defined as "a reasonable ground of suspicion supported by facts and circumstances sufficiently strong in themselves to warrant a prudent person in believing an accused person had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Ratcliff (1994), 95 Ohio App.3d 199,205. Driving while under an administrative drivers license suspension is a first degree misdemeanor. Canton Municipal Code Section 335.07(b) provides, in pertinent part: No person whose driver's or commercial driver's license or permit has been suspended * * * shall operate any motor vehicle within this municipality.
On cross examination at the suppression hearing, Officer George testified:
 Q. * * * you have made a decision to impound the vehicle. Why? For what reason?
 A. The reason that the defendant who was sitting behind the driver's seat, the vehicle operating, running, does not have a valid license * * *
T. at 27 Section 301.10 of the Canton Municipal Code defines "driver or operator" as "every person who drives or is in actual physical control of a vehicle." If an officer determines an individual has operated a motor vehicle while under administrative license suspension, the officer is authorized, under Section303.08 of the Canton Municipal Code, to impound the vehicle. We agree with the trial court Officer George had probable cause to arrest appellant for driving without a valid operator's license. Officer George testified the Explorer was running and the music blaring as he pulled up behind it. However, as soon as the cruiser pulled in behind the Explorer, the engine and the music were turned off. Almost immediately thereafter, appellant exited the Explorer, from the driver's seat, and nervously approached the officers. Pursuant to the statutory definitions above, appellant was in actual physical control of the vehicle. The keys were in the ignition and appellant was in the driver's seat. Even if the Explorer was turned off, appellant, by sitting in the driver's seat, maintained physical control of the vehicle. Once Officer George determined appellant was under an administrative license suspension, we find he had probable cause to arrest appellant for the offense of driving while under an administrative driver's license suspension. Accordingly, Officer George legally conducted a valid inventory search incident to the impoundment. We find the trial court's decision was based on competent credible evidence. For this reason, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in finding appellant was the driver of the vehicle. For the same reasons as stated in our analysis of assignment of error one, we believe there was competent, credible evidence upon which the trial court could conclude appellant was the driver of the vehicle. For this reason, appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant argues the trial court erred in finding appellant's administrative license suspension permitted the police to impound his vehicle. Appellant asserts R.C. 4507.02(F) provides only for impoundment of the license plates, not the vehicle itself. We do not agree. R.C.4507.02(F)(1) and R.C. 4507.99(B) provides impoundment of the license plates is "in addition to" and "independent" of other penalties. As noted in our discussion of assignment of error one, appellant's arrest was not predicated on the loud music or parking violation (both minor misdemeanors) but rather on appellant's operating a vehicle while under an administrative license suspension. Because Officer George was authorized to impound the vehicle pursuant to Canton Municipal Code section 303.08, and for the reasons advanced in our discussion of assignment of error number one, appellant's third assignment of error is overruled.
The January 5, 1999 Judgment Entry of the Stark County Common Pleas is hereby affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.