DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant Larry Glover's motion to suppress evidence and statements and found appellant guilty of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(c). Appellant presents the following assignment of error:
 "ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS AND DEFENDANT/APPELLANT'S MOTION FOR RECONSIDERATION REQUESTING SUPPRESSION OF EVIDENCE AND STATEMENTS."
The following facts are relevant to this appeal. On June 23, 1999, appellant was indicted on possession of crack cocaine. On July 9, 1999, appellant entered a plea of not guilty to the charge.
On August 12, 1999, appellant filed a motion to suppress all evidence and statements obtained as a result of the search of appellant's vehicle. At the hearing held on the motion, the following evidence was presented.
Toledo Police Detective James Dec testified that on April 23, 1999, at approximately 2:00 p.m., he received a telephone call from a confidential informant who stated that a black male named Larry was going to be delivering a quantity of crack cocaine. The informant advised Dec that Larry was going to be driving a clean 1990's model white Lincoln Continental with five-star fancy wheel rims. He stated that the delivery was going to occur at 3:00 p.m. at a carry-out located at Central and Detroit Avenues in Toledo, Lucas County, Ohio. The informant described Larry as a black male in his twenties, heavier build but not fat.
Upon receipt of the information, Dec put a team of police officers together to conduct surveillance on the carry-out. They arrived at the location at 2:30 p.m. At approximately three minutes after 3:00 p.m., appellant arrived at the carry-out. Appellant and a passenger then exited the vehicle and were met by police officers. Dec testified the confidential informant's information described appellant and his vehicle to a "T."
Toledo Police Sergeant William Wauford testified that he was part of the surveillance team on April 23, 1999. Wauford testified that he observed a white, clean Lincoln Continental pull into the carry-out. He stated that the description of the vehicle and the driver were consistent with the information he had received. When appellant and the passenger exited the vehicle, Wauford and other officers had them place their hands on the vehicle. Appellant was then asked his name and he responded that it was "Larry." After verifying all the information they received, appellant and the passenger were patted down and a search of the vehicle was conducted. Crack cocaine was recovered from the vehicle. Appellant was then handcuffed, placed under arrest and read his Miranda rights. Appellant indicated that he understood his rights. At that time he stated that the drugs were his and that the passenger had no knowledge of them.
Upon the close of evidence, the trial court determined that the police had probable cause to conduct a warrantless search of the vehicle. The trial court based its decision, in part on the Supreme Court of Ohio case captioned State v. Welch, 18 Ohio St.3d 88. Appellant requested that the trial court reconsider its decision and, in a written decision dated October 14, 1999, the trial court denied reconsideration.
In his sole assignment of error, appellant argues that the trial court erred in denying appellant's motion to suppress because the information received from the confidential informant did not establish probable cause in that it was not independently corroborated. Instead, appellant contends that the information rose only to the level of establishing reasonable suspicion which permits an investigatory stop, not a search.
We first note that when considering a motion to suppress, a trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357,366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. State v. Klein
(1991), 73 Ohio App.3d 486, 488.
The Fourth Amendment to the Constitution of the United States and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. Without a warrant, searches and seizures are unreasonable per se. State v. Kessler (1978),53 Ohio St.2d 204, 207; Katz v. United States (1967), 389 U.S. 347, 357. There are but a few specifically enumerated exceptions to this basic rule. To survive a motion to suppress, the state bears the burden of proving that one of these exceptions applies to evidence derived from a warrantless search or seizure. Id.; State v. Smith (1991),73 Ohio App.3d 471.
One such recognized exception is the automobile exception which allows police to conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or other evidence subject to seizure and exigent circumstances require a search or seizure. State v. Mills, 62 Ohio St.3d at 367, citing Carroll v. UnitedStates (1925), 267 U.S. 132. "The mobility of automobiles often creates exigent circumstances, and is the traditional justification for this exception to the Fourth Amendment's warrant requirement. * * *. If the police had probable cause for the search, the search was constitutional."Id.
This court has determined that "probable cause exists where facts known to the officer would `warrant a man of reasonable caution in the belief' that the place the officer searches may contain contraband or evidence of a crime." State v. Morrison (Apr. 5, 1996), Lucas App. No. L-95-135, unreported, quoting Texas v. Brown (1983), 460 U.S. 730, 742. In Ohio, the determination of probable cause rests with a review of the totality of the facts and circumstances known to the officer. Id., citing Statev. Ratcliff (1994), 95 Ohio App.3d 199, 205.
The facts an officer relies upon to form either reasonable suspicion or probable cause may be supplied by others as well as from personal observations. Adams v. Williams (1972), 407 U.S. 143, 147. A trial court must review the "totality of the circumstances" in determining whether an informant's tip provides reasonable suspicion or probable cause. Illinois v. Gates (1983), 462 U.S. 213. Prior to Illinois v.Gates, courts employed a two-prong test whereby the informant's tip was measured as to the informant's "basis of knowledge" and "veracity" or "reliability." Aguilar v. Texas (1964), 378 U.S. 108, overruled byIllinois v. Gates, supra, and Spinelli v. United States (1969),393 U.S. 410. Under the totality of the circumstances test the informant's basis of knowledge and veracity or reliability are relevant considerations. Illinois v. Gates at 233. "[A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability."Id. See Adams v. Williams (1972), 407 U.S. 143.
In the instant case, appellant argues that the trial court erroneously relied upon the factually distinguishable cases of State v. Welch,18 Ohio St.3d 88 and Alabama v. White (1990), 496 U.S. 325.
In its August 27, 1999 bench ruling denying appellant's motion to suppress, the trial court found that as in Welch, there was independent verification of the information provided by the confidential informant which established probable cause. In Welch, police received information from several unidentified informants that appellee was a major illegal narcotics dealer from Michigan. Thereafter, an FBI agent notified the officer that appellee would arrive at a designated location at a specific time for the purpose of buying cocaine. The agent described appellee's facial and physical features.
At the time and place given by the FBI agent, and with an informant who corroborated the agent's information, the officers conducted a warrantless search of a vehicle with a Michigan license plate with a male matching the description given. Prior to the search, officers observed appellee remove a brown paper bag from his overalls and throw it on the floor of the vehicle. The search uncovered cocaine and LSD. The Supreme Court of Ohio found that the above facts, pursuant to the automobile exception in Carroll v United States, supra, and its progeny, established probable cause for the search.
In Alabama v. White, supra, the police received an anonymous tip from an informant who stated that an individual would be leaving a particular apartment at a particular time and driving a particular automobile to a particular motel and that she would be in the possession of cocaine. The court found that the tip, corroborated by independent police work, was sufficient to establish reasonable suspicion for an investigatory stop.
Contrasting Welch and White to the facts of the instant case, we cannot say they are truly distinguishable. The facts in each case involving a confidential informant and a warrantless search will undeniably vary to a certain degree. In Welch, there were multiple informants and a furtive or guilty gesture. In White, a reasonable suspicion case, there was only an anonymous informant combined with more particular facts. Somewhere in between Welch and White lies the facts of the instant case. Upon careful review of the facts in this case, the relevant case law, and based upon a totality of the circumstances, we find that reasonable person would believe that a search of appellant's vehicle would uncover contraband or evidence of a crime. State v. Morrison, supra. Thus, we find that the information received from the confidential informant combined with independent police work established probable cause to believe that appellant's vehicle contained crack cocaine. Accordingly, the warrantless search was constitutional and appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that the appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 _________________________ PIETRYKOWSKI, J.
 Peter M. Handwork, J., Richard W. Knepper, P.J.
JUDGES CONCUR.