DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Summit County Court of Common Pleas found appellant, Allen M. Jefferson, ("Jefferson") guilty of criminal gang activity in violation of R.C. 2923.42(A), possession of cocaine in violation of R.C. 2925.11(A) and carrying a concealed weapon in violation of R.C. 2923.12. Jefferson appeals his conviction. We affirm.
 I.
On December 16, 1999, Jefferson was indicted for criminal gang activity, possession of cocaine and carrying a concealed weapon. Jefferson pleaded not guilty and his jury trial began on April 24, 2000. At trial, the state presented testimony from Officers Kabellar, Sabol, Woodill, Alexander, Givens, Lott and Reilly; Detective Shaeffer and Charles Toney. The defense rested without presenting any witnesses.
Testimony at trial revealed that Officers Kabellar and Alexander observed a group of six to eight men standing around a car that was located in the middle of a parking lot in the Rosemary Commons area on the east side of Akron. As the officers approached the group, a few men got into the car and the car left the parking lot. The remaining men dispersed.
At roll call, the officers had been informed of reports indicating gang and drug activity in the Rosemary Commons area. The officers testified that they did not see the group of men standing around the car engaged in any criminal activity but the officers believed that the actions of the group were suspicious. The officers turned on the lights of the police cruiser intending to stop the vehicle to conduct a field interview. As the police cruiser and the vehicle stopped, all of the passengers in the vehicle raised their hands and stuck them outside the windows.
The officers approached the vehicle with caution and interviewed its occupants. The front seat passenger, Quashane Sharpe ("Sharpe"), gave Officer Kabellar false information regarding his social security number and birth date. Officer Kabellar questioned Sharpe on whether there was anything on his person that he needed to know about. Sharpe responded "I have many bad things on me." Sharpe had a concealed loaded weapon and was wearing body armor. Officer Kabellar placed Sharpe under arrest for carrying a concealed weapon.
Other officers responded to the scene. Officer Sabol watched Jefferson exit the vehicle. Jefferson was seated in the backseat near the passenger side of the vehicle. After Jefferson exited the vehicle, Officer Sabol discovered a concealed switchblade knife in his coat pocket. Officer Sabol arrested Jefferson.
As Jefferson exited the vehicle, Officer Woodill spotted a baggie on the seat where Jefferson had been seated. Officer Alexander recovered the baggie from the vehicle. Tests conducted at a later date indicated that the baggie contained a rock of crack cocaine.
On June 5, 2000, the trial court found Jefferson guilty of the charges and sentenced him to eight years in prison for the criminal gang activity; twelve months for possession of cocaine and six months for carrying a concealed weapon. The twelve and six month sentences are concurrent. The sentence of twelve months is consecutive to the eight years.
Jefferson filed a timely appeal with this court.
 II.
Assignment of Error No. 1:
 R.C. 2923.42 IS UNCONSTITUTIONAL IN THAT IT VIOLATES THE RIGHT OF ASSOCIATION, SPEECH AND ASSEMBLY GUARANTEED BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AS APPLIED TO THE STATES BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In his first assignment of error, Jefferson challenges the constitutionality of the criminal gang activity statute. It is well settled that a party has waived the right to contest an issue on appeal if that issue was not raised at the appropriate time in the trial court.State v. Awan (1986), 22 Ohio St.3d 120, syllabus, limited by In re M.D.
(1988), 38 Ohio St.3d 149, syllabus.
In State v. Benner (Aug. 27, 1997), Summit App. No. 18094, unreported, we held that the failure to properly raise the issue of the constitutionality of a statute or its application at the trial court level "constitutes a waiver of such issue and [is] a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." Id. at 3, quoting Awan, 22 Ohio St.3d at syllabus. Jefferson failed to properly raise the issue of the constitutionality of the criminal gang statute, R.C. 2923.42 at the trial court level. Accordingly, he may not raise it for the first time before this court.
Jefferson's first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE COURT ERRED IN FAILING TO CONDUCT A HEARING ON APPELLANT'S CRIM.R. 12(B)(3) MOTION TO SUPPRESS.
In his second assignment of error, Jefferson argues that the trial court erred in failing to conduct a suppression hearing. We disagree.
Jefferson's original counsel filed a motion to suppress evidence on December 28, 1999. The motion contained one sentence stating "[n]ow comes Defendant by and through counsel and request [sic] that the evidence gathered as a result of the subject stop be excluded same was illegally obtained [sic]." Jefferson's motion to suppress did not allege or specify in any way how the traffic stop or the evidence gathered as a result of the stop was illegal. The record reflects that the trial court scheduled a date for the suppression hearing and rescheduled the date at Jefferson's request. Shortly thereafter, Jefferson changed trial counsel twice. Neither of the two new attorneys expanded on the original motion to suppression. The trial court did not hold the suppression hearing and the case went to trial.
In State v. Schindler (1994), 70 Ohio St.3d 54, the Ohio Supreme Court established minimum standards which a defendant must comply with when filing a motion to suppress evidence. The Schindler Court held that a defendant's motion to suppress "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." Id. at syllabus. The Court reasoned that "[b]y requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." Id. at 58, see, also, Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218.
Crim.R. 47 governs the filing of such motions and specifically provides in part as follows:
 [a]n application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
When ruling on a motion, the trial court may rely "upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." Crim.R. 12(E). This court has held that "Crim. R. 12(E) does not mandate a hearing on every suppression motion. The trial court is required to hold a hearing only when the claims are supported by factual allegations which would justify relief." State v. Hartley
(1988), 51 Ohio App.3d 47, 48, citing Solon v. Mallion (1983),10 Ohio App.3d 130. Under the circumstances, the trial court did not err or abuse its discretion by not conducting an evidentiary hearing on Jefferson's motion to suppress evidence that did not state with particularity the grounds upon which it was made or make any factual allegations to justify relief or warrant a hearing.
Jefferson's second assignment of error is overruled.
 IV.
Assignment of Error No. 3:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL COUNSEL'S FAILURE TO CONDUCT A SUPPRESSION HEARING.
Jefferson argues that he received ineffective assistance of counsel. A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate. State v. Smith (1985),17 Ohio St.3d 98, 100.
We note that the Sixth Amendment guarantees the assistance of counsel, it does not require defense counsel to file or pursue a motion to suppress in every case. See State v. Justice (Dec. 24, 1996), Franklin App. No. 96APA05-616, unreported. Counsel is not ineffective for failing to raise a claim that is not meritorious. State v. Ratcliff (1994),95 Ohio App.3d 199, 206. When no meaningful evidence supports an argument in support of a motion to suppress, failure to file a motion to suppress does not constitute ineffective assistance of counsel. Statev. Flors (1987), 38 Ohio App.3d 133, 139; State v. Gibson (1980),69 Ohio App.2d 91, 95 (noting that "[w]here the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion"). However, the failure to file a motion to suppress which possibly could have been granted and which implicated matters critical to the defense can constitute ineffective assistance of counsel, if such failure prejudices the defendant. State v. Garrett (1991), 76 Ohio App.3d 57, 63.
We begin by noting that Jefferson's original defense counsel did file a bare bones motion to suppress. Jefferson changed counsel twice and asserts that his counsel's failure to pursue or amend the original motion to suppress resulted in the trial court's failure to conduct a suppression hearing. Jefferson argues that the trial court's failure to conduct the suppression hearing resulted in the admission of evidence that was prejudicial to his defense.
In his brief, Jefferson specifically challenges two pieces of evidence: 1) a baggie containing cocaine found on the backseat of the vehicle and 2) a switchblade knife found in Jefferson's coat pocket. Jefferson argues that the officers did not have sufficient, reasonable suspicion of criminal activity to conduct an investigatory stop underTerry v. Ohio (1968), 392 U.S. 1, 21, 20 L.Ed.2d 889, 905.
First we will discuss the baggie of cocaine found in the vehicle. It is axiomatic that a party cannot be successful on a motion to suppress evidence unless the party has the proper "standing" to assert a violation of constitutional rights. In Rakas v. Illinois (1978), 439 U.S. 128,58 L.Ed.2d 387, the United States Supreme Court had to determine whether the defendants, who were passengers in a lawfully stopped vehicle hadstanding to challenge the search of that vehicle. The Court noted that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of hisFourth Amendment rights infringed." Id. at 134, 58 L.Ed.2d at 395.
In order for a defendant to show a violation of his Fourth Amendment rights, he or she must show that the search infringed upon his legitimate expectation of privacy. Id. at 143, 58 L.Ed.2d at 401. The Court determined that the defendants asserted neither a property nor a possessory interest in the automobile, nor an interest in the property that had been seized. Id. at 148, 58 L.Ed.2d at 404. Further, the Court noted the defendants failed to establish that they had a legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers. Id.
In the present case, there was no testimony that Jefferson had a property or possessory interest in the vehicle searched by the officers. More importantly however, no evidence was adduced to show that Jefferson had any ownership interest in the baggie seized from around the area of the back passenger seat. There is, in short, nothing to substantiate a claim that Jefferson had a reasonable expectation of privacy in either the vehicle or the baggie found therein. Consequently, he does not have standing to challenge any supposed constitutional violations which may have occurred during a search of those items. See Rakas,43 U.S. at 148, 58 L.Ed.2d at 404.
Next we turn to the switchblade knife found on Jefferson's person. TheFourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protects against warrantless searches and seizures. Warrantless searches are per se unreasonable unless they fall within a judicially recognized exception. Katz v. United States
(1967), 389 U.S. 347, 357, 19 L.Ed.2d 576, 585. One exception to this general rule is found in Terry, 392 U.S. at 29-30,20 L.Ed.2d at 910-911. In Terry, the Supreme Court held a police officer may pat down an individual for weapons when a reasonably prudent person would be warranted in believing that police officer's or others' safety is jeopardized. Id. In the present case, Officer Kabellar had already found a concealed weapon on the front seat passenger and, therefore, it was reasonable to believe that the passengers of the vehicle posed a danger to Officer Kabellar and Officer Alexander's safety.
We find that Jefferson has failed to demonstrate the existence of meaningful evidence to support an argument in support of a motion to suppress. Without such evidence, Jefferson is unable to show that if his defense counsel had pursued the motion to suppress the motion possibly could have been granted and that the motion implicated matters critical to the defense. See Garrett, 76 Ohio App.3d at 63. Accordingly, defense counsel's failure to pursue or amend the original motion to suppress does not constitute ineffective assistance of counsel. Jefferson's third assignment of error is overruled.
 V.
Assignment of Error No. 4:
 THE COURT ERRED IN ALLOWING AKRON POLICE OFFICER TIMOTHY GIVENS TO TESTIFY AS AN EXPERT IN "GANG ORGANIZATIONS."
In his fourth assignment of error, Jefferson argues that the state did not present sufficient evidence to establish that Officer Givens qualified to testify as an expert on gang organizations. We disagree.
Pursuant to Evid.R. 702(A), an expert's testimony is not admissible unless the proponent can show that the witness is qualified as an expert by specialized knowledge or experience, the witness possesses knowledge that is not within the knowledge or experience of the average trier of fact, and the witness bases his testimony upon reliable, scientific, technical, or other specialized information.
The state presented evidence that Officer Givens qualified as an expert based upon his years of experience in the police gang unit and his one hundred and six hours of specialized training. The knowledge and experience Officer Givens gained while investigating gang matters gave him knowledge that is not possessed by the average trier of fact, such as the significance of gang graffiti and seemingly meaningless phrases, the typical structure of a gang and alliances among gangs.
We find that the state did lay a proper foundation at trial for Officer Givens' expert testimony on gang activities. See Evid.R. 702(A). Officer Givens testimony demonstrated that he possessed specialized knowledge beyond that of the trier of fact on that topic. Jefferson's fourth assignment of error is overruled.
 VI.
Having overruled all four assignments of error we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY.